COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, NV 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TATIANA AMAR, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> RENTAL CONCEPTS, INC. d/b/a FLEET RESPONSE, an Ohio corporation, <br><br> Defendant. | **COMPLAINT** <br> **AND JURY DEMAND** |

Plaintiff, Tatiana Amar (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

**I.  PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

### B. VENUE

3. Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff is a natural person residing in Clark County, Nevada.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(c).

6. Upon information and belief, Rental Concepts, Inc., doing business as Fleet Response, is a Collection Agency engaged in the business of collecting debts by use of the mails and telephone, and regularly attempts to collect debts alleged to be due another.

7. Upon information and belief, Rental Concepts, Inc. (hereinafter "Fleet Response") is a foreign corporation incorporated in the State of Ohio and doing business in Nevada.

8. Upon information and belief, Fleet Response is not registered with the State of Nevada as a collection agency or as a foreign collection agency.

9. Fleet Response is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

## IV. GENERAL ALLEGATIONS

10. On or about August 3, 2021, Amar was involved in parking lot collision with an MV Transportation, Inc. ("MVT") vehicle.

11. The MVT vehicle minimal property damage at the time of the collision.

12. MVT indicated the damage was so little they refused to even take a copy of Plaintiff's vehicle insurance despite Plaintiff offering to provide the same repeatedly.

13. On or about August 29, 2022, Fleet Response mailed Amar a subrogation demand claim on behalf of MVT (the "Demand").

14. The Fleet Response Demand sought reimbursement from Amar for the collision damages including: Repair Costs ($1,000.92), Loss of Use ($1,050.00), Diminished Value ($60.06), and Admin Fee ($100.00).

15. As part of the MVT Demand, Fleet Response included a copy of the recently amended NRS 482.3154[1] governing short-term vehicle lease agreements and damages associated with the operation of the short-term lease vehicle impacting another vehicle.

16. The Repair Costs were the only permissible charge to Amar under NRS 482.3154(1)(a-c), as the Statute does not authorize Loss of Use, Diminished Value and Admin Fees as represented by Fleet Response in their Correspondence to Amar.

17. Indeed, NRS 482.3154 limits recovery as to the cost of repair or replacement of the damage. The statute does not authorize Loss of Use, Diminished Value or Administrative Fees.

18. Moreover, Fleet Response sent a second demand to Plaintiff on September 14, 2022, stating in relevant part: "Be advised, if we do not receive your full payment or hear from you on or before Wednesday, September 28, 2022, we may ask the state in which you are licensed to suspend your driver's license . . . ."

19. There is no Nevada law permitting Fleet Response to seek suspension of a driver license based upon payment issues over a disputed claim.

20. Upon information and belief, Fleet Response is aware that the threat to seek suspension of a drivers license for non-payment of auto-property damage, is not permitted under Nevada law and violates the FDCPA.

---

[1] NRS 482.31545 restricts the short-term lessee's liability pursuant to that stated in NRS 482.3154.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692)**

21. Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

22. Defendant was negligent and/or willful, rendering it liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

23. Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

24. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

25. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

26. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

27. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

28. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that Defendant's actions

violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

### SECOND CLAIM FOR RELIEF

### (Deceptive Trade)

29. Plaintiff realleges and incorporates all preceding paragraphs above as if fully set out herein.

30. NRS 598.0915(15) prohibits a company from knowingly making a false representation in a transaction.

31. Defendant sent correspondence in the form of a demand letter for compensation related to the incident.

32. The demand letter to Plaintiff from Defendant specified Loss of Use ($1,050.00), Diminished Value ($60.06), and Admin Fee ($100.00) as available damages under NRS 482.3154(1)(a-c).

33. NRS 482.3154(1)(a-c) does not permit the damages referenced in the preceding paragraph.

34. Moreover, Defendant threatened to seek suspension of Plaintiff's Drivers License should she not timely pay Defendant's demand.

35. Defendant violated NRS 598.0915(15) by serving the Demand Letter upon her seeking damages in excess of the amount entitled under NRS 482.3154(1)(a-c).

36. Defendant also violated NRS 598.0915(15) also by suggesting they had the power to seek suspension of her Drivers License should she not pay the demand.

37. The actions were deceptive because NRS 482.3154(1)(a-c) does not permit the suggested recovery or suspension.

38. As a direct and proximate result, Plaintiffs were damaged in an amount in excess of $15,000.00 pursuant to NRS 41.600(2)(e).

39. Plaintiffs have been forced to retain the services of an attorney to represent them in this action, and, therefore, are entitled to recover reasonable attorney fees and costs of litigation.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;

2. Declaratory judgment that Defendant's conduct violated NRS 598.0915(15) as stated herein;

3. Actual damages;

4. Statutory damages;

5. Punitive damages;

6. Costs and reasonable attorney fees; and

7. For such other and further relief as the Court may deem just and proper.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

## VII. **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 13th day of December, 2022.

                COGBURN LAW

By: */s/ Erik W. Fox*
     Jamie S. Cogburn, Esq.
     Nevada Bar No. 8409
     Erik W. Fox, Esq.
     Nevada Bar No. 8804
     2580 St. Rose Parkway, Suite 330
     Henderson, NV 89074
     *Attorneys for Plaintiff*